Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
ORLANDO PAUL BARGAS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

|  |  |
|---|---|
| ORLANDO PAUL BARGAS,<br><br>                           Plaintiff,<br><br>     v.<br><br>ABC LEGAL SERVICES, INC., a Washington corporation, and KAYED ASFOUR, individually and in his official capacity,<br><br>                           Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, ORLANDO PAUL BARGAS, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## INTRODUCTION

1.     The Defendants in this case are process servers who have engaged in the ignominious[1] and shoddy[2] practice of "sewer service" – i.e., failing to serve a debtor and filing a

---

[1]  *Velazquez v. Thompson*, 451 F.2d 202, 204 (2d Cir. 1971) ("'Sewer service' is an ignominious practice which is not limited to summary proceedings for the eviction of tenants but is also employed in suits on installment payment contracts for personal property permitting repossession and garnishment, providing a fertile field for the fleecing of the poor and the disadvantaged.").

[2]  *Kovalesky v. A.M.C. Associated Merchandising Corp.*, 551 F. Supp. 544, 546 (S.D.N.Y. 1982) ("'[S]ewer service' constitutes shoddy practice.  It delays the process of justice and must be discouraged.  This court has discretion to do just that.").

fraudulent affidavit attesting to service so that when the debtor later fails to appear in court, a default judgment can be entered against him.[3]

> In jurisdictions where process need not be served by a public official, the bulk of the business of serving process gravitates into the hands of professional process servers. Some of these process servers once followed a practice of disposing of process given them to serve (e.g., by throwing it down a sewer) and then falsely returning that they had duly served it.[4]

2.    This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA") for actual damages, statutory damages, attorney fees and costs brought by an individual consumer against process servers who engage in "sewer service."

3.    While faithful process servers are exempted from the definition of "debt collector" under the FDCPA when they are in fact "serving or attempting to serve legal process,"[5] "a process server who goes 'beyond being merely being a messenger . . . and engages in prohibited abusive or harassing activities to force an individual to repay a debt' cannot claim the exemption's protections."[6]

4.    Therefore, the Defendants in this case – process servers that failed to serve court process entrusted to them and instead provide a perjured Proof of Service of Summons – are removed from the FDCPA's process server exemption.[7]

---

[3]  *Spiegel v. Judicial Atty. Servs.*, 2011 U.S. Dist. LEXIS 9350 at *2 (N.D. Ill. Feb. 1, 2011).

[4]  *Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475, 480, fn. 5 (D. Kan. 1994), *quoting*, 1 Robert C. Casad, Jurisdiction in Civil Actions § 3.017d (2nd ed. 1991).

[5]  15 U.S.C. § 1692a(6)(d); *See generally*, *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 423 (S.D.N.Y. 2010), *citing Romea v. Heiberger & Assocs.*, 163 F.3d 111, 117 (2d Cir. 1998) ("Thus, process servers whose involvement is merely 'limited to serving the [debt collection] communication on the consumer – in effect, to being messengers' – are exempt.").

[6]  *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 423 (S.D.N.Y. 2010), *citing Flamm v. Sarner & Assoc., P.C.*, 2002 U.S. Dist. LEXIS 22255, 2002 WL 31618443 at *5 (E.D. Pa. Nov. 6, 2002).

[7]  *Freeman v. ABC Legal Services, Inc.*, 827 F. Supp. 2d 1065, 1074 (N.D. Cal. 2011) ("if process servers falsely claimed they had effected personal service and executed a false proof of service document, then their actions would take them beyond their role as process servers and render them ineligible for the [FDCPA] exception."); *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413 (S.D.N.Y. 2010); *McNall v. Credit Bureau*, 689 F. Supp. 2d 1265, 1278 (D. Or. 2010).

**JURISDICTION**

5.      Jurisdiction is conferred upon this Court pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal claims and arise out of a common nucleus of related facts and form part of the same case or controversy under Article III of the United States Constitution.

6.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").

**VENUE**

7.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

**INTRADISTRICT ASSIGNMENT**

8.      This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County, California.

**PARTIES**

9.      Plaintiff, ORLANDO PAUL BARGAS (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

10.     Defendant, ABC LEGAL SERVICES, INC. (hereinafter "ABC LEGAL"), is a Washington corporation engaged in the business of composing and selling forms, documents and other collection media used or intended to be used for debt collection.  ABC LEGAL's principal place of business is located at: 633 Yesler Way, Seattle, Washington  98104.  ABC LEGAL may be served at the address of its Agent for Service of Process at: ABC Legal Services, Inc., c/o National Registered Agents, Inc., 818 West Seventh Street, Suite 930, Los Angeles, California  90017.  ABC LEGAL is a corporation subject to the registration and other provisions found in Cal. Bus. & Prof. Code §§ 22350-22360.  ABC LEGAL is regularly engaged in the business of indirectly collecting defaulted consumer debts and assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone, and internet.  ABC LEGAL regularly collects, directly or indirectly, defaulted consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits.  ABC LEGAL is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  ABC LEGAL is not subject to the exception of 15 U.S.C. § 1692a(6)(D).  ABC LEGAL is vicariously liable to Plaintiff for the acts of Defendant, KAYED ASFOUR.[8]

11.     Defendant, KAYED ASFOUR (hereinafter "ASFOUR"), is a natural person and is or was an employee and/or authorized agent of ABC LEGAL at all relevant times.  ASFOUR is in the business of composing and selling of forms, documents and other collection media used or intended to be used for debt collection.  ASFOUR is an individual subject to the registration and other provisions found in Cal. Bus. & Prof. Code §§ 22350-22360.  ASFOUR may be served at his current residence

---

[8]  Cal. Bus. & Prof. Code § 22356. ("A registrant shall be responsible at all times for the good conduct of his or her employees acting within the course or scope of their employment, and any person acting as an independent contractor within the course or scope of the agency relationship with the registrant."), *Freeman v. ABC Legal Servs., Inc.*, 827 F. Supp. 2d 1065, 1076 (N.D. Cal. 2011) ("if an entity is a debt collector and hence subject to the FDCPA, it should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf."); *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994).

address at: Kayed Asfour, 8517 Emerson Court, Gilroy, California 95020.   ASFOUR is regularly engaged in the business of indirectly collecting defaulted consumer debts by assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet.   ASFOUR regularly collects, directly or indirectly, defaulted consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits.   ASFOUR is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).   ASFOUR is not subject to the exemption provided by 15 U.S.C. § 1692a(6)(D).

12.   At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting defaulted consumer debts throughout the state of California, including Santa Clara County, by assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet.

13.   Plaintiff is informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, respondeat superior, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

14.   Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein were the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority,

consent, approval and ratification of each remaining Defendant.

15.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

16.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each Defendant was the co-conspirator, agent, servant, employee, assignee and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, assignment and/or joint venture and with the permission and consent of each of the other Defendants.

17.    Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

18.    At all relevant times alleged in this Complaint, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make, the untrue or misleading statements alleged in this Complaint.  Whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.  The term "Defendants" wherever used in this Complaint shall mean all named defendants.

**JOINT VENTURE**

19.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry

out a single business undertaking and agreed to share the control, profits and losses.

20.    Specifically, Plaintiff is informed, believes and thereon alleges, that:

a.    ABC LEGAL is engaged in the business of manufacturing and selling process server returns and other debt collection related activities in the State of California. Through the use of the U.S. Mail, telephone, and the internet, ABC LEGAL advertises and markets process service and other legal support services to attorneys, law firms, debt collectors, government agencies, and the general public. ABC LEGAL provides the telephones, facsimile machines, computers, software and other equipment, support staff, and facilities used by ASFOUR and the enterprise for their process server return manufacturing activities. ABC LEGAL composes the process server returns sold by the enterprise using their computer systems and the data which is input into the computer systems via a website (www.abclegal.com and www.processservice.com) by their customers, like Hunt & Henriques and its process server agents, like ASFOUR. ABC LEGAL also acts as the public face for the enterprise through its advertising, marketing, customer support, and customer billing for the enterprise's services. ABC LEGAL provides ASFOUR and the enterprise with a physical address and the marketing, customer billing, computers, and other support infrastructure that was needed to manufacture and sell Proof of Service of Summons documents to Hunt & Henriques for use in the state court the lawsuit against Plaintiff. ABC LEGAL provides advertising, marketing, a physical address and their support staff, equipment, and facilities to the enterprise, and in return receives a share of the profits realized by the enterprise from their process server return manufacturing activities. Notwithstanding their use of ABC LEGAL's mailing address and telephone number on the process server returns manufactured and sold by the enterprise, Plaintiff is informed, believes and thereon alleges, that ABC LEGAL will not accept service of process for ASFOUR or any of

its other process server agents, thereby acting as a litigation shield should one of their process server agents be sued for their unlawful activities.

b.   ASFOUR is an individual and is, or was at all relevant times, a registered process server in Santa Clara County, California.  ASFOUR lent his name, signature, and the legitimacy of his process server registration number to the enterprise for use on the <u>Proof of Service of Summons</u> that was manufactured and sold to Hunt & Henriques and used in the state court lawsuit against Plaintiff.  ASFOUR and other registered process servers provide the facial legitimacy of their process server registrations to the enterprise, and in return receive a share of the profits realized by the enterprise from their process server return manufacturing activities.  Without ASFOUR and other registered process servers, and the facial legitimacy of their registration numbers, ABC LEGAL could not market and sell process server returns like the <u>Proof of Service of Summons</u> document that was manufactured and sold to Hunt & Henriques for use in the state court lawsuit against Plaintiff.

21.   Plaintiff is informed, believes and thereon alleges, that process server services are an integral part of ABC LEGAL's business and that ABC LEGAL could not offer such services without its process server agents, like ASFOUR.

**AIDING AND ABETTING**

22.   Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, ABC LEGAL aided and abetted the fraud, perjury, breach of official duty, and other wrongful acts committed by ASFOUR.

23.   Plaintiff is informed, believes and thereon alleges, that ABC LEGAL marketed its <u>Proof of Service of Summons</u> product to law firms, debt collectors, government agencies, and the general public, including Hunt & Henriques as a legitimate and lawful service.  Plaintiff is informed,

believes and thereon alleges, that ABC LEGAL represented or implied in their advertising, marketing, and other materials that ABC LEGAL would ensure that the official court process entrusted to them would be duly, faithfully, and lawfully served and delivered to lawsuit defendants, including the Plaintiff.

24.   Plaintiff is informed, believes and thereon alleges, that instead of duly, faithfully and lawfully delivering and serving the official court process entrusted to it, ABC LEGAL enlisted ASFOUR and other registered process servers to manufacture process server returns – like the Proof of Service of Summons document that was sold to Hunt & Henriques and used in the state court lawsuit against the Plaintiff in this case.

25.   Plaintiff is informed, believes and thereon alleges, that ABC LEGAL willingly, knowingly, and intentionally provides its registered agent process servers, like ASFOUR, with a business mailing address and telephone number for use on the process server returns that the enterprise manufactures and sells, like the Proof of Service of Summons document that was sold to Hunt & Henriques and used in the state court lawsuit against the Plaintiff in this case, and by intentionally withholding ASFOUR's true address and telephone number, ABC LEGAL aided and abetted the fraud, perjury, breach of official duty, and other wrongful acts committed by ASFOUR against Plaintiff.

26.   Plaintiff is informed, believes and thereon alleges, that ABC LEGAL authorized, used, and ratified the use of its mailing address and telephone number on process server returns manufactured and sold by the enterprise with the intent to shield its process server agents, like ASFOUR, from service of process should they be sued for their unlawful activities.  Notwithstanding their use of ABC LEGAL's mailing address and telephone number on the process server returns manufactured and sold by the enterprise, Plaintiff is informed, believes and thereon alleges, that ABC LEGAL will not accept service of process for ASFOUR or any of its other process server agents when

service of process is attempted at the address provided on its <u>Proof of Service of Summons</u> documents.

27.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, ABC LEGAL knew that fraud, perjury, breach of official duty, and other wrongful acts were being committed by ASFOUR against the Plaintiff and others.  In fact, ABC LEGAL gave substantial assistance and encouragement to ASFOUR by producing fully completed <u>Proof of Service of Summons</u> documents which contain ASFOUR's name and process server registration number and ABC LEGAL's mailing address and telephone number instead of ASFOUR's address and telephone number.

28.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, ABC LEGAL effectively controlled its process server agents, including ASFOUR, by *inter alia*:

> a.     choosing which assignments each process server agent will receive (i.e., controlling what work must be performed by a specific individual);

> b.     requiring personal performance of the tasks assigned to its process server agents (i.e., controlling what work must be performed by a specific individual);

> c.     forbidding or severely restricting its process server agents' ability to substitute or assign their performance of the assigned tasks (i.e., controlling what work must be performed by a specific individual);

> d.     requiring detailed reporting to ABC LEGAL of all service attempts made by their process server agents (i.e., controlling the manner in which the assigned tasks are performed and requiring regular written reports);

> e.     requiring the use of ABC LEGAL's computer systems and software for the performance of their process server agents' assigned duties (i.e., controlling what tools and

equipment must be used to perform the assigned tasks and the manner in which the assigned tasks are performed), and

       f.   requiring its process server agents maintain specified minimum automobile liability insurance and $1,000,000 in professional liability insurance coverage, that ABC LEGAL be named as as additional insured in all such insurance policies, and requiring immediate notification from its process server agents should said insurance policies be canceled or not renewed (i.e., controlling business practices and decisions).

      29.   Through the use of the GPS tracking devices all ABC LEGAL process server agents are required to carry, and the real-time reporting and tracking data that these devices provide, ABC LEGAL is able to track in real-time the movements of all its process server agents.

      30.   Plaintiff is informed, believes and thereon alleges, that ABC LEGAL's conduct was a substantial factor in causing the harm to Plaintiff.  ABC LEGAL should be held responsible as an aider and abettor for the fraud, breach of official duty, and other wrongful acts committed by ASFOUR against the Plaintiff.

## RATIFICATION

      31.   Plaintiff is informed, believes and thereon alleges, that ABC LEGAL is responsible for the harm caused by ASFOUR's unlawful conduct because ABC LEGAL approved ASFOUR's unlawful conduct after it occurred.

      32.   Plaintiff is informed, believes and thereon alleges, that ASFOUR intended to act on behalf of ABC LEGAL when he accepted the assignments from ABC LEGAL to serve state court process on Plaintiff.

      33.   Plaintiff is informed, believes and thereon alleges, that ASFOUR intended to act on behalf of ABC LEGAL when he subsequently failed to serve the state court process on Plaintiff that

had been entrusted to him and instead provided false and fraudulent information to ABC LEGAL regarding the completion of his assignment.

34.     Plaintiff is informed, believes and thereon alleges, that ABC LEGAL learned of ASFOUR's failure to faithfully serve the state court process that ABC LEGAL had entrusted to him after it occurred.

35.     Plaintiff is informed, believes and thereon alleges, that ABC LEGAL approved ASFOUR's unlawful conduct by voluntarily keeping the benefits of ASFOUR's unlawful conduct after learning of the conduct.

36.     Plaintiff is informed, believes and thereon alleges, that ABC LEGAL approved ASFOUR's unlawful conduct as alleged in this case by continuing to employ ASFOUR and continuing to assign process server assignments to ASFOUR after learning that ASFOUR had engaged in sewer service.

37.     As a result of ABC LEGAL's ratification of ASFOUR's unlawful conduct, ABC LEGAL is liable to Plaintiff for all damages alleged in this case.

## **NONDELEGABLE DUTY**

38.     California Business and Professions Code § 22356 provides as follows:

A registrant shall be responsible at all times for the good conduct of his or her employees acting within the course or scope of their employment, and any person acting as an independent contractor within the course or scope of the agency relationship with the registrant.

39.     By enacting this statute, the California legislature sought to implement specific safeguards for the general public to insure that process server agencies like, ABC LEGAL faithfully and honestly carry out their responsibilities to the courts of California and to the general public.

40.     Plaintiff is informed, believes and thereon alleges, that ASFOUR was acting within the course and scope of his employment/agency relationship with ABC LEGAL at all times

- 12 -
COMPLAINT

alleged in this Complaint.

41.    ABC LEGAL had a nondelegable duty to Plaintiff to ensure that the state court process entrusted to it was faithfully served on Plaintiff, and that its employees and agents did not engage in sewer service.

42.    Because ABC LEGAL could not delegate to ASFOUR its duty to faithfully and honestly serve Plaintiff with the state court process entrusted to it, ABC LEGAL is liable to Plaintiff for all damages alleged in this case.

## FACTUAL ALLEGATIONS

43.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by General Electric Capital (hereinafter the "debt").   The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

44.    Sometime thereafter, on a date unknown to Plaintiff, Plaintiff was no longer able to make the payments on the debt and defaulted.

45.    Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed, or otherwise assigned to Hunt & Henriques for collection from Plaintiff.

46.    Thereafter, on or about January 13, 2016, Hunt & Henriques filed a lawsuit against Plaintiff in the Superior Court of Santa Clara County, captioned *Portfolio Recovery Associates, LLC v. Orlando Bargas, et al.*, and assigned Case No. 2016-1-CV-290617 (hereinafter "the state court action"), in an attempt to collect the defaulted consumer debt.

47.    Plaintiff is informed and believes, and thereon alleges, that Hunt & Henriques

thereafter engaged Defendants to duly and faithfully serve legal process in the state court action upon Plaintiff by delivering a copy of the state court Summons and Complaint.

48.     Plaintiff is informed and believes, and thereon alleges that on or about February 6, 2016, Defendants composed a document titled Proof of Service of Summons in which Defendants represented, under penalty of perjury, that ASFOUR had personally served Plaintiff with a copy of the Summons, Complaint, and related documents in the state court action on February 1, 2016, at 3:56 p.m.

49.     Thereafter, Defendants caused the Proof of Service of Summons to be filed with the Clerk of the Superior Court in the state court action on February 9, 2016.  A true and correct copy of the Proof of Service of Summons filed in the state court action is attached hereto, marked as Exhibit "1," and by this reference is incorporated herein.

50.     Despite the representations made by Defendants in their Proof of Service of Summons (Exhibit "1"), Plaintiff was not served with a copy of the Summons and Complaint in the state court action, by personal service or otherwise.  The Proof of Service of Summons document composed by Defendants appears facially valid – indeed, Defendants' very purpose is to pass facial review – hoping the fraud goes undetected until the debtor discovers the fraudulent proof of service after a default judgment has been entered.

51.     Plaintiff is informed and believes, and thereon alleges that the address used on the Proof of Service of Summons (Exhibit "1"), (i.e., 201 South Figueroa Street, Suite 100, Los Angeles, CA 90012) was, at all relevant times alleged herein, the business address of ABC LEGAL and not the address of ASFOUR as represented in the document.

52.     Plaintiff is informed and believes, and thereon alleges that the telephone number used on the Proof of Service of Summons (Exhibit "1"), (i.e., 213-621-9999) was, at all relevant times alleged herein, the business telephone number of ABC LEGAL and not the telephone number of

ASFOUR as represented in the document.

53.   Plaintiff is informed and believes, and thereon alleges that Defendants knowingly and willfully composed and sold to Hunt & Henriques the <u>Proof of Service of Summons</u> (Exhibit "1") containing false statements regarding their service of court process in the state court action.

54.   According to the <u>Proof of Service of Summons</u> (Exhibit "1"), Defendants, acting together, sold the process server return to Hunt & Henriques for $59.00.

### ABC LEGAL's Business Practices

55.   Plaintiff is informed and believes, and thereon alleges that ABC LEGAL composes and sells process server returns, like the <u>Proof of Service Summons</u> (Exhibit "1") in this case, on a flat rate or fixed fee basis.   Plaintiff is informed and believes, and thereon alleges that ABC LEGAL pays its process servers using a similar flat rate or fixed fee compensation system.   Plaintiff is informed and believes, and thereon alleges that ABC LEGAL will pay ASFOUR and other process servers only for successful service attempts (i.e. service attempts which result in a completed serve being reported) and will pay substantially less or nothing at all for failed service attempts (i.e. service attempts that do not result in a successful completed serve being reported).   Because ABC LEGAL's process servers are not paid for unsuccessful service attempts, process servers like ASFOUR have a strong financial incentive to falsify process server returns.   Plaintiff is informed and believes, and thereon alleges that ABC LEGAL knowingly promotes the false reporting of actual service by its process server agents through its flat rate or fixed fee compensation system.

56.   Plaintiff is informed and believes, and thereon alleges that ABC LEGAL charges a flat fee that is substantially less than the true costs of proper service in many cases.   Plaintiff is informed and believes, and thereon alleges that ABC LEGAL's lower rates can only be achieved by use of a flat rate or fixed fee compensation system for its process servers.   Such business practices create a

rush to the bottom by forcing competitors to lower the fees paid to their more scrupulous process servers or go out of business.   More false process server returns from all process server agencies is the inevitable result of such anti-competitive business practices.   Plaintiff is informed and believes, and thereon alleges that ABC LEGAL effectively sells sewer service, by underbidding the true costs of proper service.

57.   Debt collection law firms and debt buyers plainly benefit from the sewer service provided by unscrupulous process servers like Defendants in this case.   By not serving consumer debt defendants, debt collection firms like Hunt & Henriques and debt buyers like Portfolio Recovery Associates, LLC, are able to generate thousands of judgments by default.   Once default judgments are fraudulently obtained, they are used to levy consumers' bank accounts, garnish their wages, seize their property, damage their credit reports, and/or pressure them into unaffordable payment plans.

58.   Plaintiff is informed and believes, and thereon alleges that Defendants' composition and sale of perjured Proof of Service of Summons (Exhibit "1") document violates California Code of Civil Procedure § 417.10.

59.   Under California law, the return of a registered process server "establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return."[9]  "The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence. . ."[10]  Defendants' composition and sale of perjured process server returns, like the Proof of Service of Summons (Exhibit "1") document in this case, is facilitated and aided by the evidentiary presumption California law provides to faithful process servers.   In fact, Defendants in this case are perversely protected by, and rely on, the extreme procedural and evidentiary burdens that are

---

[9]  Cal. Evidence Code § 647.
[10]  Cal. Evidence Code § 604.

imposed on litigants who are the victims of sewer service.  Such litigants are faced with the nearly impossible "burden of providing strong and convincing evidence of non-service."[11]  Because "a mere allegation that process was not served, without some additional showing of evidence is insufficient to refute the validity of an affidavit of service,"[12] victims of sewer service, like Plaintiff in this case, are ultimately required to prove a negative;[13] they must prove that an event never occurred; and their own sworn testimony of non-service is not enough to meet their evidentiary burden under California law. Because of this procedural and evidentiary imbalance, the unlawful conduct alleged in this Complaint is particularly reprehensible.

60.     Plaintiff is informed and believes, and thereon alleges, that Defendants have composed and sold false and misleading Proof of Service of Summons documents in the form of Exhibit "1" more than 40 times in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

61.     Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

62.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

63.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

64.     Defendant, ABC LEGAL, is a "debt collector" as that term is defined by the

---

[11] *Collagen Nutraceuticaks, Inc. v. Neocell Corp.*, 2010 U.S. Dist. LEXIS 98229 at *3-4.
[12] *Id.*
[13] *Elkins v. United States*, 364 U.S. 206, 218 (1960) ("as a practical matter it is never easy to prove a negative").

FDCPA, 15 U.S.C. § 1692a(6).

65.     Defendant, ABC LEGAL, is not subject to, and cannot claim, the exemption provided by 15 U.S.C. § 1692a(6)(D).

66.     Defendant, ASFOUR, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

67.     Defendant, ASFOUR, is not subject to, and cannot claim, the exemption provided by 15 U.S.C. § 1692a(6)(D).

68.     The financial obligation sought to be collected from Plaintiff in the state court action is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

69.     Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging in unfair and abusive practices.  Defendants' violations include, but are not limited to:

      a.     Manufacturing and selling a fraudulent <u>Proof of Service Summons</u> that falsely stated that Plaintiff was served with the state court Summons and Complaint when in fact he was not;

      b.     Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of defaulted consumer debts; and

      c.     Aiding, abetting and ratifying the fraud, perjury, breach of official duty, and other wrongful acts committed by the other Defendants in this case.

70.     Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

71.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.

§ 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

72.     Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

73.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

74.     Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

75.     Defendant, ABC LEGAL, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

76.     Defendant, ASFOUR, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

77.     The financial obligation sought to be collected from Plaintiff in the state court action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

78.     Defendants violated the RFDCPA, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a), and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices.  Defendants' violations include, but are not limited to:

a.     Manufacturing and selling a fraudulent Proof of Service of Summons that falsely stated that Plaintiff was served with the state court Summons and Complaint when in fact he was not;

b.     Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of defaulted consumer debts; and

c.     Aiding, abetting and ratifying the fraud, perjury, breach of official duty and

other wrongful acts committed by the other Defendants in this case.

79.    Defendants' acts as described above were done willfully and knowingly, with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

80.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code §§ 1788.17[14] and 1788.30(a).

81.    As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

82.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.17.[15]

83.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[16]

84.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## **REQUEST FOR RELIEF**

Plaintiff request that this Court:

a)    Assume jurisdiction in this proceeding;

b)    Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§

---

[14]  15 U.S.C.§ 1692k(a)(1).
[15]  15 U.S.C.§ 1692k(a)(2)(A).
[16]  15 U.S.C.§ 1692k(a)(3).

1692d, 1692e, 1692e(2), 1692e(10) and 1692f;

c)   Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17;

d)   Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e)   Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f)   Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g)   Award Plaintiff statutory damages in an amount not to exceed $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[17]

h)   Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17[18] and 1788.30(c); and

i)   Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
ORLANDO PAUL BARGAS

[17]  15 U.S.C. § 1692k(a)(2)(A).
[18]  15 U.S.C. § 1692k(a)(3).

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ORLANDO PAUL BARGAS, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.